IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Prosecution,<br><br>V.<br><br>LARRY PERRY,<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 00-000127-01ML<br>(JUDGE LISI) |

**REQUEST FOR SENTENCE REDUCTION UNDER 18 USC §3582(c)(2) AND RETROACTIVE GUIDELINE AMENDMENT# 706, 711**

Comes Now the Defendant, pro-se, who hereby respectfully request a sentence reduction in accordance with Title 18 USC §3582(c)(2) and retroactive guideline amendment# 706, 711.

The central premise of the Defendant's motion is that (1) this Honorable Court must consider him for reduction, post Booker, even though he was deemed a §4B1.1 Career Offender, and (2) that a significant reduction would be both proper and necessary to be consistent with the goals of sentencing under 18 USC §3553(a).

In support of this request the Defendant respectfully provides the following:

## I. THE RELEVANT FACTS.

The defendant pled guilty to possessing less-than 5-grams of cocaine base with intent to distribute. However, at sentencing the defendant was deemed a §4B1.1 Career Offender and sentenced to 151-months of imprisonment. Id.

The defendant was represented by Van L. Hayhow (Court Appointed) and accordingly, he requested that Mr. Hayhow file this Motion on his behalf or refer it to another qualified person. (See Attached Letter Dated April 7th, 2008).

However, as it turns out Mr. Hayhow is no-longer a practicing attorney in the District of Rhode Island and the defendant's letter was returned without any mention of referal. Id.

Therefore, the defendant respectfully brings forth this motion on a pro-se basis with the hope that this Honorable Court will grant the relief requested.

II. The Court must consider the Defendant for reduction, post Booker, even though he was deemed a §4B1.1 Career Offender.

The defendant asserts herein, that if this Honorable Court were to "categorically exclude" 4B1.1 career offender's from being able to seek the benefit of retroactive guideline amendment# 706 on the basis that the career offender guideline is controlling, it would be ruling in direct contradiction with §3582, and in violation of the defendant's Fifth and Sixth Amendment rights, per the Supreme Court's decisions in United States v. Booker, 543 US 220 (2005) and Kimbrough v. United States, 128 s.ct 558 (2007).

Indeed, Booker and Kimbrough make clear that by applying the guidelines in a mandatory baisis or in a controlling nature, a Court violates a defendant's Fifth and sixth Amendment Rights. See United States v. Hicks, 472 F.3d 1172-73 (9th cir.2007) (Holding that "to the extent that policy statements are inconsistent with Booker by requiring that the guidelines be treated as mandatory,

the policy statements must give away.").

Moreover, in a very recent First Circuit decision, the Honorable Court held that "Judges who disagree with the policy decisions made by the U.S. Sentencing Guidelines are now free to impose lower sentences on career offenders." United States v. Boardman, 83 CrL at 460 (1st cir. decided June 11, 2008). The Court said that the lesson from the U.S. Supreme Court's recent decision regarding crack cocaine sentences (Kimbrough) is that "district judges may deviate from the guidelines even on the basis of categorical policy disagreements with its now advisory provisions." In coming to this conclusion, the Honorable Court noted the second circuits recent decision in United States v. Sanchez, 517 F.3d 651 (2nd cir.2008) which held that "we conclude that congress did not intend §994(h) to deprive the court's authority to impose on a career offender a prison term that is not near the statutory maximum." Id.

In short, the defendant asserts that it appears that this Honorable Court must consider the defendant for sentence reduction, and that it has the discretion to grant such reduction even though he was also deemed a §4B1.1 career offender.

## III. A significant reduction in sentence would be both proper and necessary to be consistent with the goals of sentencing under 18 USC §3553(a).

According to Title 18 USC §3582(c)(2) "In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing guideline that has subsequently been lowered by the

sentencing commission pursuant to 28 USC §994(o)...the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a). Id. See also United States v. Forty Estremera, 498 F.Supp.2d 471-72 (D.P.R. 2007) (Holding that proper procedure in a post Booker §3582(c)(2) resentencing is to first calculate the amended guideline range and then evaluate the factors set forth in §3553(a) to determine whether or not a guideline or non-guideline sentence is warranted.).

Applying these principles to the instant case, the defendant points out that his sentencing guideline (after amendment and absent career offender enhancement) would have been at least 10-years less than his current guideline range/sentence. Id.

The defendant offers that this now 10-year differential creates an unwarranted sentencing disparity severe enough to warrant a significant reduction in the sentence.

That is, Section 3553(a) sets forth seven (7) factors that a sentencing court, post Booker, must consider. Ultimately, section 3553(a) calls on a district court to "impose a sentence sufficient, but not greater than necessary"......after considering the seven factors mentioned above. The sixth (6) of these factors instructs the court to consider "the need to avoid unwarranted sentencing disparities." Therefore, as outlined above it is very arguable that that the increased differential in recommended guideline ranges (after the new amendment) is so severe that it creates an "unwarranted sentencing disparity" that could now (after the new admendment) be grounds for a lesser sentence.

In respect to the other factors set forth under Section 3553(a) the defendant a sentence significantly less than 151-months would still be sufficient to satisfy these other factors. Thus a sentence of 151-months would be greater than necessary to satisfy the goals of sentencing.

For instance, a sentence of say 108-months would still be a steep punishment for being involved in such a small quantity of drugs, and more than sufficient to deter himself and others, or to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. Id.

Indeed, the defendant has made a substantial effort to rehabilitate himself so he does not revert back to a life of crime when he is finally released. In that, the defendant has completed the 40-hour drug program and has been steadily employed as a machine operater in the inmate industries division. Furthermore, the defendant is waiting to start a substance abuse counseler program this fall that will certify him as a qualified drug counseler. It is the defendant's intention to work with children when he is released in an attempt to dissuade them from making the same poor decisions that led him down the path to failure.

WHEREFORE, the defendant respectfully request that he be GRANTED a sentence reduction.

Dated, signed, and mailed under the penalty of perjury on this 6th day of June, 2008.

Respectfully,

Larry Perry#04943-070
FCI Ray Brook

April 7th, 2008.

Van L Hayhow, Esq
923 Washington Street
South Attleboro, MA 02703

§
§
§
§
§

In Re: (USA V. PERRY)
(Request for sentence reduction pursuant to retroactive guideline amendment# 706,711, and 18 USC §3582(C)(2)).

CASE NO.00-000127-01ML

Dear Mr. Hayhow,

I hope this letter finds you in both the best of health and spirits. I am doing ok, but am hoping that you will file a Motion on my behalf for a sentence reduction under §3582(C)(2) and retroactive guideline amendment# 706,711.

As you probably remember you represented me in the above listed "crack" case. And, as you also probably know the Sentencing commission has recently amended the "drug table" of §2D1.1 to reduce the guideline ranges for "crack" offenders, and has made that amendment retroactively available to people who were convicted of "crack" type offenses. And because I am one of these people I was hoping that you could either file on my behalf, refer it to someone else, or notify me as to why you cannot, so I can file on a pro-se basis.

A point worth noting is that I was unfortunately deemed a §4B1.1 "career offender" and sentenced to 151-months. Thus, there is an available argument for the government that the ultimate sentence was premised upon "criminal history" and not "drug quantity" so that pursuant to §1B1. 10(a)(2)(B), the amendment does not have the effect of lowering the ultimate range. (i.e., even if the amended guideline range had been

in place during the original sentencing proceedings, I would have still received the same sentence because of the §4B1.1 "career offender" enhancement.).

However, there are at least two (2) meritoreous arguments that make it clear that §4B1 "career offenders" should not be "categorically excluded" from getting the sentence reduction, and that the Judge must make a case by case determination of whether he would have given the same sentence, post Booker, had the amended guideline range been in place.

The First is that when imposing the career offender sentence the Judge is required to consider what the recommended guideline range would have been absent the career offender enhancement. (See §1B1.1(f)). Further, § 1B1.1(i) requires the court to consider any pertinent policy statements or commentary regarding departure, and to consider the factors set forth under 18 USC §3553(a) regarding a non-guideline sentence, which again involved a comparison of what the recommended guideline range would have been absent the § 4B1 career offender enhancement. After this comparison the court may determine that the increased differential between what the recommended guideline range would have been absent the career offender, warrants a downward departure under §4A1.3 or a lower non-guideline sentence pursuant to §3553(a).

That is, section 3553 (a) list seven factors that a sentencing court, post Booker, must consider. The sixth (6) of these factors instructs the court to consider "the need to avoid unwarranted sentencing disparities." Therefore, it is very arguable the increased differential in recommended guideline ranges (after the new amendment) is so severe that it creates an "unwarranted sentencind disparity" that could be grounds for a lesser sentence. Id.

The Second argument is that by "categorically excluding" career offenders from being able to receive the sentence reduction on the grounds that the "career offender" guideline is "controlling." The courts would be ruling in direct contradiction with §3582(C)(2), and in violation of the Defendant's Fifth and Sixth Amendment rights, per the Supreme Courts decisions in United States v. Booker, 543 US 220 (2005); Rita v. United States, 127 s.ct 2456 (2007); Gall v. United States, 128 s.ct 586 (2007); Kimbrough v. United States, 128 s.ct 558

(2007). See also United States v. Forty Estremera, 498 F.Supp.2d 471-72 (D.P.R. 2007) (Holding that proper procedure in a post-Booker §3582(C) (2) resentencing is to first calculate the amended guideline range and then evaluate the factors set forth in §3553(a) to determine whether or not a guideline or non-guideline sentence is warranted.).

Indeed, there can be no question that Booker and its progeny make clear that by applying the guidelines in a mandatory basis or in a controlling nature, a court violates a defendants Fifth and Sixth Amendment Rights. See United States v. Hicks, 472 F.3d 1172-73 (9th cir. 2007) (Holding that "to the extent that policy statements are inconsistent with Booker by requiring that the guidelines be treated as mandatory, the policy statements must give away.").

Therefore, it does appear that the court must at least consider my Motion for sentence reduction under §3582(C)(2), and make a specific determination of whether he would have given the same sentence had he known that the underlying sentencing range would have been significantly less, and after considering all of the other factors set forth under §3553(a).

In any event, please get back to me right away so I know if you are going to file on my behalf or if I will need to proceed pro-se. And as final note I just wanted to let you know that I have completed the 40 hour drug program and am currently trying to get enrolled in a substance abuse counseler program that will certify me as a qualified drugcounseler.

Thanking you in advance for all of your help in this matter, and I look forward to hearing from you soon.

Dated, Signed, and mailed under the penalty of perjury on this 7th day of April, 2008.

Respectfully, ______________________

Larry Perry
#04943-070
FCI Ray Brook
P.O. Box 9004
Ray Brook, NY 12977

cc: M/File