IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | CR. No. 00-127ML |
| | : | |
| LARRY PERRY | : | |

GOVERNMENT'S RESPONSE
TO DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. §§ 3582(c)(2) AND RETROACTIVE GUIDELINE AMENDMENTS §§ 706 AND 711

Facts and Travel

The Defendant, Larry Perry, has moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and retroactive guideline amendments 706 and 711. Perry's motion is grounded upon a 2007 amendment to the United States Sentencing Guidelines which generally reduced by two levels the offense levels found in U.S.S.G. § 2D1.1 for crack cocaine as well as the First Circuit June 11, 2008 case of United States v. Boardman, 528 F.3d 86 (1st Cir. 2008).

On November 1, 2000, a federal grand jury returned an indictment against Perry, charging him with two counts of distributing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Perry pled guilty to the both counts of the indictment on January 3, 2001. His sentencing guidelines calculation was set at Offense Level 29, Criminal History Category VI.[1] The sentencing range was 151 - 188 months imprisonment. He was sentenced on March 16,

[1] Under the Presentence Investigation Report, Perry was responsible for two sales of crack cocaine totaling .48 grams. His base offense level based upon those drug quantities was fourteen. However, due to his status as a career offender, Perry's actual base offense level was calculated to be thirty-two. He then received a three level downward adjustment for acceptance of responsibility, resulting in a total offense level of twenty nine.

2001 to the bottom of the range - 151 months imprisonment - and three years supervised release. At present, his projected release date by the Bureau of Prisons is February 11, 2012.

Perry cites the recent First Circuit case of United States v. Boardman, 528 F.3d 86 (1st Cir. 2008), in which the First Circuit discusses their reconsideration of whether a burglary into a commercial building is a crime of violence and thus a qualifying predicate act to career offender status under the guidelines. Boardman, 528 F.3d at 86-87.[2] The Appeals Court noted that argument on that case was not scheduled until the Fall of 2008. However, the First Circuit in Boardman went on to state that the Defendant's alternative argument did provide relief; that the Defendant was entitled to resentencing regardless of whether the First Circuit changed the definition of whether a burglary into a commercial building conviction qualified a Defendant as a career offender. The Boardman cited the United States Supreme Court holding in Kimbrough v. United States, 128 S.Ct. 558 (2007) when it pointed out that the District Court Judge mistakenly believed it was constrained at sentencing by the career offender provision of the Sentencing Guidelines: "After . . . Kimbrough . . . district judges may deviate from the guidelines even on the basis of categorical policy disagreements with it now-advisory provisions." Boardman, 528 F.3d at 87. The Boardman Court went on to state, "we do not see why disagreement with the Commission's policy judgement [regarding classification as a career offender] would be any less permissible a reason to deviate than disagreement with the guideline policy judgment at issue in Kimbrough." So, while the District Judge was bound by the First Circuit's decision to treat the

---

[2] This would not assist Mr. Perry, in that his burglary was into a dwelling, although it was the summer cabin of someone the defendant's confederates knew. There were no injuries or confrontations. See PSR paragraph 35, page 11.

guideline as they had interpreted it, this does not mean that the District Judge cannot disagree with the Commission's policy judgment as expressed in the guideline. Id.

Argument

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may only be reduced when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." In its revisions to Section 1B1.10, the Commission made clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range for the defendant. Specifically, subsection (a)(2)(B) states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if ... an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Courts also agree that where, as is the case here, application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. See, e.g., United States v. Gonzalez-Balderas, 105 F.3d 981, 984 (5th Cir. 1997) (although a retroactive amendment reduced the defendant's offense level, the new level (44) still required the sentence of life imprisonment which was imposed, and the district court properly denied the motion summarily); United States v. Allison, 63 F.3d 350, 352-54 (5th Cir. 1995) (motion properly denied where the sentence would not be different under new guideline); United States v. Townsend, 98 F.3d 510, 513 (9th Cir. 1996) (although a retroactive amendment to the career offender guideline changed the definition of a statutory maximum, the amendment did not benefit the defendant given that the maximum penalty for his offense, bank robbery, was the same under either definition, and thus the guideline range was the same); United States v.

Dorrough, 84 F.3d 1309, 1311-12 (10th Cir. 1996) (the district court did not abuse its discretion in denying the § 3582(c)(2) motion, where an alternative means of sentencing permitted by the applicable guideline produced the same offense level which applied earlier); United States v. Armstrong, 347 F.3d 905, 908 (11th Cir. 2003) (the district court correctly denied the motion, where the defendant's offense level was not altered by the subject of the retroactive amendment); United States v. Young, 247 F.3d 1247, 1251-53 (D.C. Cir. 2001) (district court properly denied motion where the sentence was actually based on considerations not affected by the retroactive guideline amendment).

In the instant case, Perry's sentence rested on the Career Offender Guidelines. Under the version of Section 2D1.1 in effect at the time of sentencing, the Defendant's base offense level for the crack offense was fourteen. However, the Defendant was a career offender, based on his prior convictions for a prior drug trafficking offense and a crime of violence (burglary), and accordingly his base offense level was increased to thirty-two pursuant to Section 4B1.1. That enhancement is unaffected by Amendment 706, and the defendant's offense level remains exactly what it was at the time of sentencing. Section 1B1.10 directs: "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10 (b)(1). Accordingly, the defendant may not receive any relief under Section 1B1.10. However, it does appear, pursuant to Boardman that this Court has the discretion to determine whether, post Kimbrough, the Court believes a reduced sentence would be appropriate if this Court disagrees with the policy statements pertaining to Career Offenders.

WHEREFORE, the government requests that this Court advise the parties as to whether the Court will reconsider its original sentence. The government further suggests that counsel be appointed to the Defendant should a resentencing hearing be held.

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ Mary Rogers

Mary Rogers
Assistant U. S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
Mary.rogers@usdoj.gov

CERTIFICATION

I hereby certify that on the 28th day of August, 2008, I caused the within Government's Response To Defendant's Motion For Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), to be filed electronically and it is available for viewing and downloading from the ECF system. I mailed a copy of the within to:

Larry Perry
Reg. No. 04943-070
FCI Ray Brook
P.O. Box 9004
Ray Brook, NY 12977